IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00001-RLV
(5:09-cr-00038-RLV-DSC-1)

| | |
|---|---|
| JEFFREY DAN HINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct his Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed.

I. BACKGROUND

On August 18, 2009, Petitioner was indicted in this District with being a felon-in-possession of a firearm, in violation 18 U.S.C. § 922(g)(1). Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to the § 922(g) offense and he agreed to waive his right to contest his conviction or sentence in a collateral proceeding except on grounds not relevant here. On October 27, 2009, Petitioner appeared before U.S. Magistrate Judge David Keesler for his Plea and Rule 11 hearing and he was placed under oath. The elements of the § 922(g) charge were explained to Petitioner along with the potential range of penalties and Petitioner averred that he understood the charge and the possible sentence he faced upon conviction. The court accepted Petitioner's plea after concluding that it was knowing and voluntary.

1

Petitioner's presentence report ("PSR") detailed an extensive history of convictions that were sustained in North Carolina state court which included felony property crimes and over a dozen drug offenses. Based on Petitioner's criminal history, the probation officer concluded that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e). See § 4B1.4 of the U.S. Sentencing Guidelines Manual ("USSG"). (5:09-cr-00038, Doc. No. 21: PSR).

On March 7, 2011, Petitioner was sentenced to the mandatory minimum term of 180-months' imprisonment under 18 U.S.C. § 924(e) and he did not appeal. (Id., Doc. No. 24: Judgment).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner contends that he is entitled to relief from his sentence because he no longer qualifies as an Armed Career Criminal and he relies on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional. Specifically, Petitioner reasons that because his North Carolina conviction for burglary was classified as a misdemeanor the conviction does not qualify as a "violent felony."

2

In his claim for relief, Petitioner moves that his sentence be vacated and that he be resentenced without the ACCA enhancement. (5:16-cv-00001, Doc. No. 1 at 4).

Under the ACCA, a defendant that is convicted of an offense under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as follows: "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

Petitioner states that his burglary conviction was actually a misdemeanor because he did not have the intent to commit a felony after he broke into the residence. Petitioner reasons that if "the North Carolina court concluded that Petitioner had the intent to commit a crime in addition to breaking or entering, the court would have charged him with a felony under § 14-54." (5:16-cv-00001, Doc. No. 1-1: Petitioner's Mem. at 7). Petitioner's contention is simply erroneous.

North Carolina law classifies breaking or entering buildings in the following manner:

> (a)   Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.
>
> (a1)   Any person who breaks or enters any building with intent to terrorize or injure an occupant of the building is guilty of a Class H felony.

3

> (b) Any person who wrongfully breaks or enters any building is guilty of a Class 1 misdemeanor.
>
> (c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property. (1874-5, c. 166; 1879, c. 323; Code, s. 996; Rev., s. 3333; C.S., s. 4235; 1955, c. 1015; 1969, c. 543, s. 3; 1979, c. 760, s. 5; 1979, 2nd Sess., c. 1316, s. 47; 1981, c. 63, s. 1; c. 179, s. 14; 1993, c. 539, s. 26; 1994, Ex. Sess., c. 24, s. 14(c); 2013-95, s. 1.)

N.C. Gen. Stat. 14-54.

In the present case, the Court found that Petitioner qualified for a 15-year term of imprisonment under the ACCA based on, among other qualifying offenses, a prior conviction for <u>felony</u> breaking and entering into a dwelling with the intent to commit a felony therein for which Petitioner was sentenced to a suspended term of five years in prison. (5:09-cr-00001; PSR ¶ 30).[1] Thus, Petitioner's contention that he was convicted of a misdemeanor is incorrect and his reliance on the holding in <u>Johnson</u> is therefore misplaced.

As the Court explained in <u>Johnson</u>, in order to determine whether an offense "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another" the Court employs the categorical approach. <u>Johnson</u>, 135 S. Ct. at 578 (citing <u>Taylor v. United States</u>, 495 U.S. 575, 600 (1990)) "Under the categorical approach, a court assesses whether a crime qualifies as a violent felony "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." <u>Id.</u> (quoting <u>Begay v. United States</u>, 553 U.S. 137, 141 (2008).

---

[1] Petitioner was also convicted of felony larceny in connection with the burglary. Petitioner does not contest the fact that he had two qualifying serious drug offenses. (<u>Id.</u> ¶¶ 31-32).

As the Court explains in Johnson, "the act of . . . breaking and entering into someone's home does not, in and of itself, normally cause physical injury. Rather, the risk of injury arises because . . . the burglar might confront a resident in the home *after* breaking and entering." Id. (emphasis in original). As noted, Petitioner was convicted of breaking into a residence with the intent to commit a felony which is plainly an enumerated offense (burglary) under § 924(e)(2)(B)(ii) thus the residual clause does not apply. See Johnson, supra, at 584-85 (noting that this "decision does not call into question the application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Based on the foregoing, the Court finds that Petitioner's § 2255 motion has failed to state a claim for relief and it will be dismissed.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: January 19, 2016

Richard L. Voorhees
United States District Judge